UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Barbara Jackson,

    Plaintiff,                             Case No. 1:15cv587

    v.                                    Judge Michael R. Barrett

Professional Radiology Inc, *et al.*,

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Defendants Professional Radiology, Inc. and M.D. Business Solutions, Inc.'s Motion to Dismiss (Doc. 6) and Defendant Controlled Credit Corporation's Motion for Judgment on the Pleadings (Doc. 9). These motions have been fully briefed. (Docs. 13, 14, 16, 17).

In addition, Plaintiffs filed a Notice of Supplemental Authority. (Doc. 19). Defendants M.D. Business Solutions, Inc. and Professional Radiology, Inc. filed a Motion to Strike Plaintiff's Notice of Supplemental Authority, or in the alternative, to File a Response. (Doc. 21). For good cause shown, Defendants' Motion is GRANTED to the extent it seeks to file a Response. Therefore, Defendants' Response (Doc. 23) is deemed as being properly filed and will be considered by the Court.

### I.    BACKGROUND

Plaintiff brings her claims on behalf of herself and all others similarly situated seeking redress for damages resulting from Defendants, Professional Radiology, Inc., M.D. Business Solutions, Inc. and Controlled Credit Corporation ("CCC"), refusal to submit claims for health care services to health insuring corporations as required by

Ohio Revised Code § 1751.60.

On April 7, 2014, Plaintiff Barbara Jackson was injured in an auto accident and taken by ambulance to University Hospital West Chester. (Doc. 1, ¶¶ 9, 10). Plaintiff and/or her family informed the admitting staff that she had health insurance coverage through United Healthcare, a health insurance corporation. (Id., ¶ 11).

While in the hospital, Plaintiff received treatment from Defendant Professional Radiology, Inc. (Id., ¶ 10). Professional Radiology uses M.D. Business Solutions, Inc. to provide billing services. (Id., ¶ 6). Professional Radiology did not submit the charges for the treatment it provided to Plaintiff on April 7, 2014 to United Healthcare. (Id., ¶ 13). Instead, M.D. Business Solutions sent a letter to Plaintiff seeking a payment of $1,066.00 for the balance of her account for the services provided by Professional Radiology and requesting that Plaintiff's attorney sign a letter of protection against any settlement of judgment that would "prevent your client's account from being sent to collections." (Id., ¶ 14). This letter was followed by two similar letters. (Id., ¶ 16). When Plaintiff did not make a payment, Plaintiff's account was turned over to Defendant CCC, which provides debt collection services. (Id., ¶¶ 7, 19). CCC also sent Plaintiff a letter requesting payment of the balance of $1,066.00. (Id., ¶ 20).

In response, on April 7, 2014, Plaintiff negotiated a payment to CCC in the amount of $852.00 in full and final settlement of the charges for the treatment provided by Professional Radiology. (Id., ¶ 21). However, on June 11, 2015, Professional Radiology and/or M.D. Business Solutions again contacted Plaintiff to inform her that she still owed $3.49 on her account. (Id., ¶ 22). Plaintiff paid that amount. (Id.)

Plaintiff claims that Ohio Revised Code § 1751.60 prohibits directly billing

2

patients who have health insurance for medical treatment when the health care provider has contracted with the patient's health insurer to accept the health insurance. Plaintiff brings the following claims on behalf of the class: (1) breach of contract, (2) breach of third-party beneficiary contract, (3) violation of the Ohio Consumer Sales Practices Act, (4) violation of the Fair Debt Collection Practices Act, (5) fraud, (6) conversion, (7) unjust enrichment, and (8) punitive damages.

Defendants argue that Plaintiffs have either failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) or are entitled to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## II. ANALYSIS

### A. Standard of review

In reviewing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, legal conclusions conveyed as factual allegations do not be accepted as true, rather the reviewing court is allowed to draw on its own judicial experience and common sense in determining whether or not the pleader can obtain any relief based on the purported facts. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-950 (2009).

"[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative

3

level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement' . . .it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556).

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

### B. Ohio Revised Code § 1751.60

Plaintiff concedes that her claims rise or fall on whether Defendants violated Ohio Revised Code § 1751.60(A), which provides, in relevant part:

> every provider or health care facility that contracts with a health insuring corporation to provide health care services to the health insuring corporation's enrollees or subscribers shall seek compensation for covered services solely from the health insuring corporation and not, under any circumstances, from the enrollees or subscribers, except for approved copayments and deductibles.

Ohio Rev. Code § 1751.60(A).

This Court has already dismissed similar claims in *Raymond et al v. Avectus Healthcare Solutions, LLC et al*, Case No. 1:15-cv-00559, Doc. 21. This Court concluded that it was bound by the Supreme Court of Ohio decision in *King v. ProMedica Health Sys., Inc.*, 955 N.E.2d 348 (Ohio 2011). In that decision, the Ohio Supreme Court held that Section 1751.60(A) is applicable only when there is a contract between a provider and a health-insuring corporation, and the provider seeks

4

compensation for services under the contract. *Id.* at 350.

There is no dispute that in this case Defendants did not seek compensation from Plaintiff under the contract between Professional Radiology and United Healthcare. Because Section 1751.60(A) only applies to the contract between a provider and a health insuring corporation, Section 1751.60(A) was not applicable in this instance. Therefore, Defendants did not violate the statute when they sought payment from Plaintiff.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendants M.D. Business Solutions, Inc. and Professional Radiology Inc.'s Motion to Strike Plaintiff's Notice of Supplemental Authority, or in the alternative to file a Response (Doc. 21) is **GRANTED** to the extent that Defendants seek to file a Response;

2. Defendants Professional Radiology, Inc. and M.D. Business Solutions, Inc.'s Motion to Dismiss (Doc. 6) is **GRANTED**;

3. Defendant Controlled Credit Corporation's Motion for Judgment on the Pleadings (Doc. 9) is **GRANTED**; and

4. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              JUDGE MICHAEL R. BARRETT