# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Barbara Jackson,

    Plaintiff,

v.

Professional Radiology Inc, *et al.*,

    Defendants.

Case No. 1:15cv587

Judge Michael R. Barrett

## ORDER

This matter is before the court upon Defendants' Renewed Motion to Dismiss, (Doc. 29), which Plaintiff opposes (Doc. 32).

Plaintiff Barbara Jackson brought this class action, on behalf of herself and others similarly situated, against Defendants Professional Radiology, Inc., M.D. Business Solutions, Inc., and Controlled Credit Corporation. (Doc. 1). Jackson asserted eight claims for damages: (1) breach of contract, (2) breach of third-party beneficiary agreement, (3) a violation of Ohio's Consumer Sales Practices Act (Ohio Rev. Code 1345.01), (4) a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*, (5) common law fraud, (6) conversion, (7) unjust enrichment, and (8) punitive damages. (Id.)

In November of 2015, Defendants M.D. Business Solutions, Inc. and Professional Radiology, Inc. filed a Motion to Dismiss under Federal Rules of Civil Procedure 8, 12(b)(6) and 23. (Doc. 6). On September 30, 2016, this court entered a final judgment when it granted Defendants' Motion to Dismiss and Judgment on the Pleadings. (Doc. 24). In response, on October 14, 2016, Plaintiff filed a Notice of

Appeal to the Sixth Circuit Court of Appeals. (Doc. 26).

On July 21, 2017, the Sixth Circuit Court of Appeals affirmed this Court's granting of Defendant's Motion for Judgment on the Pleadings, but reversed the granting of Defendants' Motion to Dismiss. (Doc. 28). Following this decision, on August 4, 2017, Defendants M.D. Business Solutions, Inc. and Professional Radiology, Inc. filed a Renewed Motion to Dismiss. (Doc. 29). However, the Sixth Circuit Court of Appeals did not issue its Mandate until August 14, 2017. (Doc. 31).

Plaintiff argues that by filing the Renewed Motion to Dismiss prior to the Sixth Circuit Court of Appeals issuing its Mandate, this Court lacked jurisdiction to rule on it.

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (superseded by statute)). The district court only regains jurisdiction upon the conclusion of the appeal through the issuance of a mandate. *See Fort Gratiot Sanitary Landfill v. Michigan Dept. of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995).

"A mandate is the document by which this court relinquishes jurisdiction and authorizes the originating court or agency to enforce this court's judgment," and formally represents the end of the appeal. 6 Cir. I.O.P. 41(a)(1). The mandates takes effect on the date they are issued, but not before. Fed. App. R. 41(c). Until this formality occurs, the district court "cannot proceed in the interim." *See Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 951-52 (6th Cir. 1999). Therefore, this court did not regain jurisdiction over matters involved in the appeal until the Mandate was issued on August

14, 2017.  Since this Court lacked jurisdiction, Defendants' Renewed Motion to Dismiss (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

               */s/ Michael R. Barrett*
               JUDGE MICHAEL R. BARRETT